IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:13-CR-161 |
| v. | ) | |
| | ) | |
| | ) | |
| FERNANDO AMAYO GONZALEZ, | ) | (REEVES / GUYTON) |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.§ 636(b) for disposition or report and recommendation as may be appropriate. This case is before the Court on two matters related to the Defendant Fernando Amayo Gonzalez's representation. The first relates to a potential ethical violation by former retained counsel Attorney Casey Caldwell, who placed the typed signature of original appointed counsel Attorney Gerald L Gulley, Jr., on a proposed agreed order and filed this proposed order in the record as an attachment to a motion for substitution of counsel. Mr. Gulley, who was reappointed to represent the Defendant on August 5, 2014, states that he did not assent to the proposed agreed order. Second, is the question of whether funds paid to retained counsel should now be paid into the Court's Criminal Justice Act fund to defray the compensation of appointed counsel. The Court permitted the Defendant's former retained counsel Mr. Caldwell and Attorney Charles Carpenter to withdraw from their representation of the Defendant. At the undersigned's direction, Mr. Carpenter paid $7,500 into the Court's registry on August 21, 2014. Mr. Carpenter states that this is the full amount that a family member of the Defendant paid to him

and his firm to represent the Defendant. For the reasons stated below, the Court recommends that the matter of the ethical violation by Mr. Caldwell be deemed moot and that the $7,500 be paid into the Court's Criminal Justice Act fund and used to compensate the Defendant's current appointed counsel.

## I. BACKGROUND

By way of background, the Court observes that on December 10, 2013, the Court found the Defendant to be indigent and appointed [Doc. 7] Mr. Gulley, a Criminal Justice Act (CJA) panel attorney, to represent the Defendant. On February 21, 2014, Attorney Caldwell filed a Motion to Enter Agreed Order Substituting Counsel [Doc. 213] with a proposed Agreed Order [Doc. 213-1] attached. This motion asked the Court to approve the Agreed Order, substituting Mr. Caldwell as counsel and allowing Mr. Gulley to withdraw. The proposed Agreed Order states that the Defendant has retained Mr. Caldwell and his firm of Gribble, Carpenter, and Associates to represent him. The Agreed Order bears the typed signatures of both Mr. Caldwell and Mr. Gulley. On February 24, Mr. Gulley filed a notice [Doc. 214], stating that while he had no objection to the substitution of counsel, he had never spoken with Mr. Caldwell, approved the Agreed Order, or even seen the Agreed Order prior to its filing in the Court's electronic case file. On February 25, the undersigned ordered [Doc. 215] Mr. Caldwell to show cause why he should not be sanctioned for placing Mr. Gulley's signature on the Agreed Order without Mr. Gulley's permission.

On March 4, 2014, Mr. Caldwell responded [Doc. 219] to the Show Cause Order, stating that his paralegal had spoken with Mr. Gulley, who agreed to the substance of the Agreed Order but said that he did not need to see it. Mr. Caldwell said the addition of Mr. Gulley's signature

2

to the Agreed Order was simply a misunderstanding. Mr. Caldwell attached the affidavit of the paralegal to his response. The following day, Mr. Gulley filed a reply [Doc. 220] to Mr. Caldwell's response, explaining that while he had spoken with the paralegal on January 8, 2014, she had told him that Attorney Charles Carpenter was retained to represent the Defendant and that she did not mention an agreed order. Mr. Gulley stated that he asked the paralegal to have Mr. Carpenter call to arrange the details of the transfer of representation, but Mr. Carpenter never called him, and no one returned his voice mail messages to the firm in the following weeks. On March 14, 2014, the Court granted [Doc. 232] the substitution of Mr. Caldwell and relieved Mr. Gulley as counsel of record. The Court held the ethical matters surrounding the proposed Agreed Order in abeyance but found that the Defendant needed to have the matter of his representation resolved so that he could proceed with his case.

On July 15, 2014, the Government moved [Doc. 318] for a status conference, stating that Attorney Caldwell had never contacted AUSA Stone regarding the proposed plea agreement given to Mr. Gulley and had never arranged to obtain the discovery in this case. On July 18, Mr. Caldwell moved [Doc. 329] the Court to extend the July 18 deadline for concluding plea negotiations, observing that although he had been reviewing discovery, he needed additional time due to the volume of discovery and the language barrier with his client.

On July 21, 2014, the parties appeared for a status conference before Magistrate Judge C. Clifford Shirley, Jr. Mr. Caldwell informed the Court that Mr. Carpenter actually represented the Defendant but that he (Caldwell) was assisting Mr. Carpenter because he was admitted in federal court. Mr. Caldwell stated that while he had reviewed the discovery obtained from Mr. Gulley, he was not aware of additional discovery contained on a hard drive that could be checked out from the Government. He stated that Mr. Carpenter had met with the Defendant once at the time

3

the firm was retained and that he had met with the Defendant once, the previous Friday, which was the day that the plea deadline expired. Mr. Caldwell did not know whether Mr. Carpenter had reviewed the documents filed in the record, some of which referred to the hard drive of discovery. Judge Shirley continued the status conference to August 5 for Mr. Caldwell to speak with the Defendant about whether the Defendant wanted to continue the attorney-client relationship and so that Mr. Carpenter could be present to provide information to the Court.

At 9:46 p.m. on the evening before the status conference, Mr. Caldwell filed a Motion to Withdraw [Doc. 376], asking that he and the firm of Gribble, Carpenter, and Associates be allowed to withdraw from the representation of the Defendant. The motion states that on December 17, 2013, the Defendant's brother retained the firm to represent the Defendant in this case. The Motion relates that following Mr. Caldwell's substitution as counsel of record on March 14, 2014, a paralegal obtained discovery from Mr. Gulley. Another paralegal reviewed and organized this discovery, which spanned approximately 6,000 pages of documents. On July 18, Mr. Caldwell spoke with AUSA Stone by telephone and learned that the original discovery constituted approximately one-third of the total discovery, the remainder of which was contained on a hard drive. The motion states that this was the first that Mr. Caldwell or the firm knew of the hard drive. On July 31, Mr. Caldwell, Mr. Carpenter, and a paralegal met with the Defendant to discuss the firm withdrawing from his case. The motion also states that the firm of Gribble, Carpenter, and Associates has disbanded, leaving only Mr. Carpenter, and that Mr. Caldwell is moving to North Carolina in September 2014. The motion states that due to the volume of the discovery and the dissolution of the firm, the firm lacks the resources to represent the Defendant effectively.

At the August 5 hearing, Mr. Caldwell reiterated the information in his Motion to Withdraw, stated that he was moving to North Carolina on September 1, and said that he would no longer be practicing law. He stated that he did not receive the fee paid for the Defendant's representation and that Mr. Carpenter would have to speak to the matter of the fee. Mr. Caldwell stated that the Defendant understood and did not object to their Motion to Withdraw. Mr. Caldwell said that he had not arranged for new counsel for the Defendant and that he did not think the Defendant could afford to hire new counsel.

AUSA Stone said the Government rejected every excuse offered in the Motion to Withdraw. He said that the hard drive containing discovery was referenced in multiple discovery letters, in Court Orders, and in the motions filed by prior appointed counsel. AUSA Stone stated that due to the lack of representation by Mr. Caldwell and his firm, the Defendant was prejudiced because he was facing a life sentence and any opportunity to obtain a more favorable plea agreement by cooperating had been lost. He proposed that the Court order Mr. Caldwell and Mr. Carpenter to return the fee to the Defendant's family with interest.

The Defendant told the Court that he understood that he needed a new attorney and asked the Court to appoint one for him. He stated that he did not hire Mr. Caldwell and Mr. Carpenter and that he does not have the financial ability to hire a new attorney. The Defendant agreed that his financial situation had not improved since he filled out a financial affidavit prior to the appointment of Mr. Gulley. Mr. Gulley was present in the courtroom and agreed to resume representation of the Defendant. The Defendant did not object to the Court's appointment of Mr. Gulley and stated that he understood that his trial would be continued.

Attorney Carpenter related that he had retained Attorney Joe Costner to represent him at this hearing but that Mr. Costner was not able to attend the hearing with him because he was

5

currently in trial. Mr. Carpenter stated that he was reluctant to proceed without counsel. He stated that he received money from the Defendant's brother to represent the Defendant. He said that he had an appointment on Friday, August 8, 2014, to return that money to the Defendant's brother. The Court directed Mr. Carpenter to retain this fee until receiving further direction from the Court. The Court also permitted Mr. Caldwell and the firm of Gribble, Carpenter, and Associates to withdraw from representing the Defendant and reappointed Mr. Gulley to represent him under the Criminal Justice Act, 18 U.S.C. §3006A.

On August 7, 2014, the Court entered a Memorandum and Order [Doc. 389] continuing the trial and documenting the substitution of Defendant's counsel. In this Order, the Court found that the funds paid by the Defendant's family member to retain Gribble, Carpenter, and Associates to represent the Defendant were intended to be used for and paid on behalf of the Defendant's legal representation. The Court therefore found that these funds could be used to reimburse the CJA fund for the cost of the Defendant's appointed counsel. The Court ordered Mr. Carpenter to pay the entire fee that he and his firm received to represent the Defendant into the registry of the Court, observing that the ultimate disposition of these funds will be determined by the District Judge. In compliance with this Order, Mr. Carpenter paid $7,500 into the Court's registry on August 21, 2014.

## II.   FINDINGS OF FACT

The Court finds that a family member of the Defendant paid $7,500 to retain Attorney Charles Carpenter and the law firm of Gribble, Carpenter, and Associates to represent Defendant Fernando Amayo Gonzalez in this case. Attorney Casey Caldwell, an associate with Gribble, Carpenter, and Associates, was substituted as the Defendant's counsel of record on March 14,

2014. Despite representing the Defendant from March 14 through the extended motion-filing deadline of April 4, and until the deadline for concluding plea negotiations on July 18, 2014, members of the firm only met with the Defendant twice, filed no substantive motions, reviewed only one-third of the discovery in the case, and never reviewed the Government's proposed plea offer with the Defendant. Mr. Caldwell and his firm were permitted to withdraw from representation of the Defendant. Mr. Carpenter agreed to return the entire $7,500, and did not seek to retain any part of those funds for the services rendered to the Defendant.

The Court also finds that the Defendant is indigent and qualifies for court-appointed counsel under the Criminal Justice Act. The firm of Gribble, Carpenter, and Associates has now disbanded, and Mr. Caldwell no longer practices law in this district.

### III. ANALYSIS

First, the Court turns briefly to the pending ethical issue forming the basis of the Court's February 25 Show Cause Order. Tennessee Rule of Professional Responsibility 3.3 states that "[a] lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal[.]" Tenn. S. Ct. R. 8. In the present case, it appears that Attorney Caldwell filed a proposed agreed order of substitution bearing Attorney Gerald Gulley's typed signature without showing the proposed order to Mr. Gulley or receiving Mr. Gulley's authorization to place his signature thereon. Attorney Caldwell has consistently argued that his filing of a proposed agreed order of substitution bearing Attorney Gulley's typed signature was a misunderstanding. He argues that Mr. Gulley told Paralegal Shannon Phillips that he did not object to the substitution and that he did not need to see the proposed agreed order before it was filed. Mr. Gulley contends that while he in fact did not object to the substitution, he was never asked about the proposed agreed order

7

and that he would have never agreed to have his name added as endorsing a document without reviewing the exact language of the document.

The Court finds that despite the affidavit of Ms. Phillips, the evidence in this case supports Mr. Gulley's version of the facts. Mr. Gulley states that he spoke with Ms. Philips on January 8, 2014 about Attorney Charles Carpenter representing the Defendant. According to Mr. Gulley, there was no mention of an agreed order in this conversation, and Mr. Gulley asked that Mr. Carpenter contact him to arrange the details of the transfer of representation. When Mr. Carpenter never contacted him, despite his leaving several messages for Mr. Carpenter, Mr. Gulley continued to represent the Defendant, including filing pretrial motions and appearing by telephone to represent the Defendant at a pretrial conference on January 30, 2014. At the hearing before Judge Shirley on July 21, Mr. Caldwell stated that Mr. Carpenter was representing the Defendant and had conducted the initial client meeting with the Defendant in January. Mr. Caldwell described his role in the firm's representation of the Defendant as being the link between Mr. Carpenter and the Court, because Mr. Carpenter was not admitted in the Eastern District of Tennessee. Finally, the Court observes that despite Mr. Caldwell's contention that the proposed agreed order could not be emailed to Mr. Gulley on January 8, 2014, because the firm was experiencing problems with its email that day, the proposed agreed order was not filed until February 21, 2014. Mr. Caldwell provides no explanation for the six-week delay in filing the motion for substitution or for why the proposed order was not emailed to Mr. Gulley in the interim.

Nevertheless, the Court finds that it does not have enough evidence to find that Mr. Caldwell *knowingly* filed a document falsely representing Mr. Gulley's endorsement. Based upon Mr. Caldwell's statements at the hearings in July and August 2014, the Court observes that

Mr. Caldwell received much of his information about the case from Mr. Caldwell or others in the firm, rather than making his own examination of the filings. In any event, the Court also observes (1) the matter of Mr. Caldwell placing Mr. Gulley's typed signature on the proposed agreed order in no way prejudiced the Defendant or the Government, (2) the Court was not misled about Mr. Gulley's lack of objection to the requested substitution, (3) the Court has no evidence that Mr. Carpenter was involved in the matter of Mr. Gulley's signature on the proposed agreed order, and (4) finally, Mr. Caldwell is no longer practicing law in this district or even this state. Accordingly, the Court recommends that the District Judge find the potential ethical violation arising from Mr. Caldwell's placement of Mr. Gulley's typed signature on the proposed agreed order of substitution to be moot.

In making this recommendation, the undersigned does not seek to diminish the serious nature of a violation of the duty of candor to the Court, nor the serious consequences that should follow from such a violation. However, in the instant case, it appears that Mr. Caldwell has reaped the consequences of his flawed conduct, leaving behind both his home and his profession. The Court would be hard pressed to deprive him of more than he has already deprived himself.

The Court next turns to the matter of the $7,500 paid by the Defendant's brother for the Defendant's representation. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." Congress has codified this right in the Criminal Justice Act, which provides that an indigent defendant is entitled to representation by court-appointed counsel from his or her initial appearance through trial and direct appeal. 18 U.S.C. § 3006A. Defendants who cannot afford to retain counsel themselves but who are able to contribute to the fees of appointed counsel must do so:

9

> Whenever the United States magistrate judge or the court finds that funds are available for payment from or *on behalf of* a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, . . . or to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of [the Criminal Justice Act].

18 U.S.C. § 3006A(f) (emphasis added).

Here, although the Defendant is indigent, a family member paid $7,500 to retain Mr. Carpenter and his firm to represent the Defendant. The Court finds that the funds paid to retain Gribble, Carpenter, and Associates to represent the Defendant were intended to be used for and paid on behalf of the Defendant's legal representation. The Court also finds that Mr. Carpenter agreed to return those funds to the Defendant's brother when the firm asked to withdraw from its representation of the Defendant. Thus, the Court concludes that the $7,500 intended for the Defendant's representation in this criminal case should be paid into the Court's CJA fund to be used toward payment of the Defendant's appointed counsel Mr. Gulley. The undersigned recommends that the District Judge order the $7,500 be paid to the Court's CJA fund.

## IV. CONCLUSION

Based upon the Court's factual findings and its review of the relevant law, the Court **RECOMMEDS** that the District Judge deem the question of whether Attorney Casey Caldwell violated the duty of candor to the Court in filing a proposed agreed order on February 21, 2014, to be moot.

The Court also finds that the $7,500 paid to Carpenter, Gribble, and Associates by a family member of the Defendant should be paid into the Court's Criminal Justice Act fund to be used to pay appointed defense counsel. Accordingly, the undersigned respectfully


Case 3:13-cr-00161-PLR-HBG   Document 519   Filed 10/29/14   Page 10 of 11   PageID #: 2231

**RECOMMENDS** that the $7,500 presently held in the Court's registry be paid into the CJA fund to be used to compensate Mr. Gulley.[1]

The Clerk of Court is **DIRECTED** to mail a copy of this Report and Recommendation to Attorney Joseph Costner, counsel for Charles Carpenter.

Respectfully submitted,

_____
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).