IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:13-CR-161 |
| v. | ) | |
| | ) | |
| | ) | |
| FERNANDO AMAYO GONZALEZ, | ) | (REEVES / GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.§ 636(b) for disposition or report and recommendation as may be appropriate. This case is before the Court on Defendant Amayo Gonzalez's Motion by Defendant for Continuance [Doc. 692], filed on February 6, 2015. The Defendant asks the Court for a sixty-day continuance of the March 3, 2015 trial in this case and to reset the other deadlines and hearings. He argues that defense counsel needs additional time to review the voluminous discovery and to prepare the case for trial. He also states that a codefendant has recently been arrested in Atlanta and will be entering the case soon. He notes that the Government does not oppose the requested continuance.

By way of background, the Court observes that on December 10, 2013, the Court found the Defendant to be indigent and appointed [Doc. 7] Attorney Gerald L. Gulley, Jr., a Criminal Justice Act (CJA) panel attorney, to represent the Defendant. On March

14, 2014, the Court permitted [Doc. 232] the substitution of retained counsel Attorney Casey Caldwell and relieved Mr. Gulley as counsel of record. On August 5, 2014, the Court permitted Mr. Caldwell and his firm to withdraw and reappointed Mr. Gulley. At that time, the Court ordered Mr. Caldwell to provide all discovery in his or the firm's possession along with the Defendant's file to Mr. Gulley. The Court also continued the trial, upon Mr. Gulley's request, to December 9, 2014. On December 9, the Court again continued the trial [Doc. 611] to March 3, 2015, finding that prior counsel's delay in turning over discovery and Mr. Gulley's full case load left counsel with insufficient time to prepare the case for trial. Mr. Gulley now requests additional time to complete his review of discovery and to advise the Defendant with regard to trial preparation. The parties have agreed on a new trial date of June 30, 2015.

      The Court finds the Defendant's motion to continue the trial to be unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Sealed Indictment [Doc. 3] charges the Defendant in nine counts, including a conspiracy to distribute and possess with intent to distribute cocaine and crack from August 1, 2012, to December 2, 2013. The Government has advised [Doc. 113 and 132] the Court that the investigation of this case spanned one and one-half years and involved over fifty controlled drug purchases and fifteen wiretaps, which yielded thousands of intercepted wire and electronic communications. The discovery is contained on a hard drive. The Court finds that defense counsel needs additional time to review the voluminous discovery, to locate and

2

Case 3:13-cr-00161-PLR-HBG   Document 693   Filed 02/10/15   Page 2 of 5   PageID #: 3234

interview witnesses, and to prepare the case for trial. The Court finds that without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Additionally, the Court observes that a codefendant has been arrested in Atlanta and has yet to make an initial appearance in this district. Generally, codefendants in the same indictment are tied to the same trial schedule. Excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to codefendants, courts should be guided by the policies supporting the enactment of section 3161(h)(6) (formerly 3161(h)(7)):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from

3

multi-defendant trials despite the loss of speed that would result from a severance. See id.

In the present case, a defendant just entering the case will need time to prepare for trial. As discussed above, this case involves voluminous discovery, which counsel for the new defendant will need to review. The Court finds that the delay caused by the new defendant's need to prepare for trial to be reasonable. This delay provides another basis for excluding the time leading up to the June 30 trial date. See 18 U.S.C. § 3161(h)(6).

The Defendant's motion [**Doc. 692**] to continue the trial and other deadlines is **GRANTED**, and the trial is reset to **June 30, 2015**. The Court finds that all the time between the filing of the Motion by Defendant for Continuance on **February 6, 2015**, and the new trial date of **June 30, 2015**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(6), & -(7)(A)-(B). With regard to additional scheduling in this case, the Court extends the deadline for concluding plea negotiations to **June 5, 2015**. The parties are to appear before the undersigned for a final pretrial conference on **June 23, 2015, at 11:00 a.m.** This date shall also be the new deadline for providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **June 15, 2015**. Special requests for jury instructions shall be submitted to the District Court no later than **June 19, 2015**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED** as follows:

    (1) The Motion for Continuance by Defendant [**Doc. 692**] is **GRANTED**;

(2)  The trial of this matter is reset to commence on **June 30, 2015**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, United States District Judge;

(3)  All time between the filing of the motion on **February 6, 2015**, and the new trial date of **June 30, 2015**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for concluding plea negotiations is extended to **June 5, 2015**;

(5) The parties are to appear before the undersigned for a final pretrial conference on **June 23, 2015, at 11:00 a.m.**  This date shall also be the new deadline for providing reciprocal discovery;

(6) Motions *in limine* must be filed no later than **June 15, 2015**; and

(7) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **June 19, 2015**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge

5

Case 3:13-cr-00161-PLR-HBG   Document 693   Filed 02/10/15   Page 5 of 5   PageID #: 3237